IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| QSG, INC.,<br><br>　　　　　　　Plaintiff,<br><br>vs.<br><br>DANA SCHLITTLER, an individual; ECLAIMVISION, LLC, a Minnesota limited liability company; MIKHAIL OPLETAYEV, an individual; VIKTOR POTERYAHKHIN, an individual; ST. CROIX REGIONAL MEDICAL CENTER, a Wisconsin corporation; and JOHN TREMBLE, an individual,<br><br>　　　　　　　Defendant. | ORDER<br><br>AND<br><br>MEMORANDUM DECISION<br><br><br>Case No. 2:11-CV-871-TC |

　　Pending before the court in this computer software copyright infringement case are (1) Defendant eClaimVision, LLC's motion to dismiss for lack of personal jurisdiction or, in the alternative, for judgment on the pleadings under Federal Rule of Civil Procedure 12(c);[1] and (2) Plaintiff QSG, Inc.'s motion to dismiss Defendants eClaimVision and Dana Schlittler's counterclaims for declaratory judgment.[2]  Having determined that oral argument is not necessary, the court decides the motions on the briefs and supporting documentation.  For the reasons set

---

[1]See ECF No. 27.  Because eClaim Vision filed its answer to the complaint before filing its motion to dismiss the complaint under Rule 12(b)(6), the court converted the motion for judgment on the pleadings under Rule 12(c).

[2]ECF No. 29.

forth below, eClaimVision's motion to dismiss is GRANTED, and QSG's motion to dismiss the first two counterclaims is GRANTED.

## BACKGROUND[3]

Plaintiff QSG, Inc. develops and sells software services to the healthcare industry. QSG developed, and owns the copyright to, a computer software program called "ExecQview." In September 2011, QSG filed a complaint against numerous Defendants, including Dana Schlittler and eClaimVision, LLC, alleging seven causes of action, including copyright infringement, breach of fiduciary duty, trade secret misappropriation, and breach of contract.

QSG alleges that Co-Defendants Dana Schlittler (former President and CEO of QSG), Mikhail Opletayev and Viktor Poteryahkhin (both former employees of QSG) misappropriated QSG technology and developed a "knock-off" software product called "eClaimVision" to compete with QSG's ExecQview. (Compl. ¶ 1.) On August 27, 2010, Mr. Schlittler formed and registered Defendant eClaimVision, LLC, as a Minnesota limited liability company, to compete with QSG by providing software services to the healthcare industry through the eClaimVision software. The registration of eClaimVision occurred approximately three weeks after QSG terminated Mr. Schlittler's employment.

On August 16, 2011, QSG filed a copyright registration application for the ExecQview software. A month later, on September 16, 2011, QSG filed this suit.

On November 7, 2011 eClaimVision and Mr. Schlittler filed an Answer to the Complaint and Counterclaims, including two claims for declaratory judgment. In the Answer, eClaimVision

---

[3]The facts are taken from the docket, QSG's Complaint (ECF No. 2), and Dana Schlittler's Declaration attached to eClaimVision's memorandum in support of dismissal.

and Mr. Schlittler responded to QSG's allegation of personal jurisdiction:

> Mr. Schlittler and eClaimVision admit that this Court has personal jurisdiction over Mr. Schlittler.  Mr. Schlittler and eClaimVision deny that this Court has personal jurisdiction over eClaimVision, LLC and <u>reserve the right to contest personal jurisdiction</u>.

(eClaimVision Answer & Counterclaim (ECF No. 25) ¶ 13 (emphasis added).)  In the first two counterclaims, eClaimVision and Mr. Schlittler seek a declaratory judgment that there was no infringement of copyright or misappropriation of a trade secret.

Eight days after filing its Answer and Counterclaim, eClaimVision filed a motion to dismiss for lack of personal jurisdiction and for failure to state a claim.  (ECF No. 27.)

On November 28, 2011, QSG filed a Motion to Dismiss eClaimVision and Dana Schlittler's counterclaims for declaratory judgment.  (ECF No. 29.)

Both of the motions to dismiss are now before the court for resolution.

## ANALYSIS

A close review of the parties' pleadings reveals three issues the court must resolve.[4] First, did eClaimVision waive its lack of personal jurisdiction defense by (a) filing an answer one week before filing its motion to dismiss for lack of personal jurisdiction; or (b) reserving its right to challenge personal jurisdiction in its Answer while, in the same document, bringing a counterclaim on the merits?  Second, if there was no waiver, does the court lack personal

---

[4] The issues are addressed in a somewhat piecemeal fashion throughout the parties' pleadings.  For a complete picture, the court reviewed not only the pleadings related to the two pending motions but also the pleadings relating to QSG's Motion to Strike Defendant eClaimVision's Motion to Dismiss for Lack of Personal Jurisdiction and Failure to State a Claim (ECF No. 31).  For example, although the Motion to Strike was denied by the court (see Mar. 2, 2012 Order (ECF No. 44)), the motion raised and addressed the waiver issue, which is still pending before the court.  (See id. at 1 (deferring waiver issue).)

jurisdiction over eClaimVision?[5]  Third, do the first two counterclaims fail to state a cause of action under Rule 12(b)(6) of the Federal Rules of Civil Procedure?

For the reasons set forth below, the court holds that eClaimVision did not waive its defense of lack of personal jurisdiction, and that the court lacks personal jurisdiction over eClaimVision.  Furthermore, given the lack of opposition to the dismissal of the first and second counterclaims in the event the court lacks personal jurisdiction over eClaimVision, those two counterclaims are dismissed.

**1.     Waiver**

    a.     Timing of Waiver

The court must address the threshold question raised by QSG[6] of whether eClaimVision waived its Rule 12(b)(2) defense of lack of personal jurisdiction when it filed its answer one week before filing its motion to dismiss.

QSG contends that "[i]f a party wishes to challenge personal jurisdiction under Rule 12(b)(2), that defense should be asserted <u>in a motion prior to [filing] any responsive pleading</u>" (i.e., before filing an answer).  (ECF No. 32 at 2 (emphasis added).)  According to QSG, eClaimVision's statement in its Answer that it reserved the right to challenge personal jurisdiction (see Paragraph 13 of the Answer) had no effect because eClaimVision did not file a motion to dismiss before then and it fully responded to each of the allegations in QSG's Complaint.

---

[5] Because the court does not have personal jurisdiction over eClaimVision, the issue of whether QSG's complaint states a valid claim against eClaimVision is moot.

[6] QSG raised the issue on page two of its Motion to Strike (ECF No. 32).

QSG misstates the rule. The Federal Rules of Civil Procedure provide that "[e]very defense to a claim for relief in any pleading must be asserted in a responsive pleading if one is required. But a party may assert the following defenses by motion: . . . (2) lack of personal jurisdiction[.]" Fed. R. Civ. P. 12(b)(2). A party waives the defense of lack of personal jurisdiction by "by failing to either (i) make it by motion under this rule; or (ii) include it in a responsive pleading . . . ." Fed. R. Civ. P. 12(h)(1) (emphasis added). (See also eClaimVision's Mem. Opp'n Mot. Strike (ECF No. 35) at 3-4 (noting that Rule 12(h) allows a defendant to raise the defense of no personal jurisdiction in a responsive pleading).)

By raising its personal jurisdiction defense for the first time in its Answer, eClaimVision preserved the defense.

      b.      Effect of Simultaneously Filing Counterclaim

The second issue is whether eClaimVision waived its defense of lack of personal jurisdiction by raising the defense in its Answer while simultaneously bringing counterclaims for declaratory judgment of non-infringement of copyright and no violation of the Utah Trade Secrets Act. The court holds that there was no waiver.

The Tenth Circuit follows the rule that "by filing a compulsory counterclaim a party does not waive Rule 12(b) objections." Campbell v. Bartlett, 975 F.2d 1569, 1574 n.8 (10th Cir. 1992) (quoting 5A Charles A. Wright & Arthur R. Miller, Fed. Practice & Procedure § 1397 (1990) ("trend in more recent cases is to hold that no Rule 12(b) defense is waived by the assertion of a counterclaim, whether permissive or compulsory").) See also Rates Tech. Inc. v. Nortel Networks Corp., 399 F.3d 1302, 1308 (Fed. Cir. 2005) ("We hold that filing a counterclaim, compulsory or permissive, cannot waive a party's objections to personal

jurisdiction, so long as the requirements of Rule 12(h)(1) are satisfied."). A compulsory counterclaim "arises out of the transaction or occurrence that is the subject matter of the opposing party's claim[,] and does not require adding another party over whom the court cannot acquire jurisdiction." Fed. R. Civ. P. 13(a)(1).

The first two counterclaims, which both Mr. Schlittler and eClaimVision assert, are "Declaratory Judgment of Non-Infringement of Copyright" and "Declaratory Judgment Specifying No Violation of the Utah Uniform Trade Secrets Act." (The third counterclaim is brought only by Mr. Schlittler.) Both of these counterclaims arise out of the same subject matter in QSG's complaint. They are compulsory. See also, e.g., Polymer Industrial Products Co. v. Bridgestone/Firestone, Inc., 347 F.3d 935, 938 (Fed. Cir. 2003) (holding that "Rule 13(a) makes an infringement counterclaim to a declaratory judgment action for noninfringement compulsory."); J. Lyons & Co. Ltd. v. The Republic of Tea, Inc., 892 F. Supp. 486, 490 (S.D.N.Y. 1995) (holding that declaratory judgment action for non-infringement of trademark arose out of same transaction or occurrence that was the subject of a declaratory judgment action alleging trademark infringement). Accordingly, eClaimVision did not waive its defense of lack of personal jurisdiction when it asserted its counterclaims in the same pleading.

Because under either scenario the court finds that eClaimVision did not waive its lack of personal jurisdiction defense, the court will address whether the court has personal jurisdiction over eClaimVision.

**2.      Personal Jurisdiction**

QSG summarily asserts in its complaint that this court has personal jurisdiction over eClaimVision, an out-of-state defendant. QSG, the plaintiff, has the burden to establish such

6

personal jurisdiction in light of eClaimVision's contention that the court has neither general nor specific personal jurisdiction over eClaimVision.  Far West Capital, Inc. v. Towne, 46 F.3d 1071, 1075 (10th Cir. 1995).  Despite the fact that QSG has the burden, QSG did not respond to the 12(b)(2) motion to dismiss.[7]  Nevertheless, the court reviews the record as it stands (i.e., the undisputed factual allegations in the complaint and the facts established by eClaimVision's evidence, neither of which contradict each other) to determine, on the merits, whether the court has personal jurisdiction over eClaimVision.

The court may exercise personal jurisdiction over an out-of-state resident when the plaintiff establishes that jurisdiction is proper under Utah's long-arm statute and that exercising jurisdiction would not offend the due process clause of the Fourteenth Amendment.  Soma Med. Int'l v. Standard Chartered Bank, 196 F.3d 1292, 1295 (10th Cir. 1999).  Utah's long-arm statute provides, in relevant part, that:

> any person or personal representative of the person, whether or not a citizen or resident of this state, who, in person or through an agent, does any of the following enumerated acts is subject to the jurisdiction of the courts of this state as to any claim arising out of or related to:
>
> (1)   the transaction of any business within this state;
> (2)   contracting to supply services or goods in this state; [or]
> (3)   the causing of any injury within this state whether tortious or by breach of warranty . . .

Utah Code Ann. § 78B-3-205 (2012).  The Utah long-arm statute is co-extensive with due process, see Utah Code Ann. § 78B-3-201 (long-arm provision extends "to the fullest extent

---

[7]Although QSG responds to eClaimVision's contention that the complaint must be dismissed under Rule 12(b)(6) for failure to state a claim upon which relief may be granted, QSG's response is minimal, is contained in a document unrelated to the motion to dismiss, and does not address standards or arguments under 12(b)(2).  (See QSG's Reply in Support of Mot. to Strike (ECF No. 41) at 3-4.)

permitted by the due process clause"), so the court focuses its general jurisdiction analysis on whether the defendant has certain minimum contacts with the forum such that maintaining the suit against the non-resident defendant would "not offend traditional notions of fair play and substantial justice." International Shoe Co. v. Washington, 326 U.S. 310, 316 (1945).

Alternatively, the court may find specific jurisdiction if the controversy "is related to or 'arises out of' a defendant's contacts with the forum." Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 414 (1984). Such an analysis focuses on the "relationship among the defendant, the forum, and the litigation." Id.

a.   General Jurisdiction

The court may exercise general jurisdiction over an out-of-state defendant where the defendant's contacts are "continuous and systematic" such that it could reasonably foresee being brought into court in that state on any matter. Id. at 414-16.

The undisputed record supports eClaimVision's contention that it does not conduct continuous, systematic, or substantial local activity in Utah. eClaimVision is a Minnesota corporation with its headquarters in Minnesota. eClaimVision lacks any other contacts with the forum: no property in Utah; no mailing address in Utah; no phone number in Utah; no bank accounts in Utah; no stores in Utah; no business operations in Utah; no office in Utah; no sales force residing in Utah; no employees in Utah; no warehouse of product in Utah; and no ownership control of any other company, entity, licensee or distributor selling product in or into Utah. (See Decl. of Dana Schlittler (ECF No. 28-1).)

While eClaimVision maintains a website, the website is passive. The most interactive feature of the website is a page that allows a visitor to provide eClaimVision with contact

information by using a "Contact Us" form. No one from Utah has ever attempted to contact eClaimVision through the "Contact Us" form. (Id. ¶ 3.)

In view of the non-existent contacts with Utah, eClaimVision does not possess the requisite continuous and systematic general business contacts in Utah required for this court to exercise general jurisdiction over eClaimVision.

      b.    <u>Specific Jurisdiction</u>

To determine whether specific jurisdiction exists, the court must analyze two factors: whether there is a sufficient nexus between the plaintiff's claims and the defendant's acts or contacts; and whether the application of the long-arm statute satisfies the requirements of federal due process. <u>Soma Med. Int'l v. Standard Chartered Bank</u>, 196 F.3d 1292, 1298 (10th Cir. 1999).

Here, QSG has not established a sufficient nexus between QSG's claims and eClaimVisions contacts or acts. The complaint, read in a light most favorable to QSG, does not establish any contact to Utah other than an injury suffered by QSG, a Utah corporation. eClaimVision's relevant acts (to the extent any are even alleged in the complaint, which is vague and conclusory when it comes to allegations against eClaimVision) were not specifically directed at Utah or QSG.

Although QSG alleges that it has been injured by eClaimVision's alleged use and sale of QSG's copyrighted software and misappropriated trade secrets, such injury by itself is not enough to establish the minimum contacts necessary for this court to exercise personal jurisdiction over eClaimVision. <u>See, e.g.</u>, <u>Far West Capital , Inc. v. Towne</u>, 46 F.3d 1071, 1079 (10th Cir. 1995) ("The mere allegation that an out-of-state defendant has tortiously interfered

with contractual rights or has committed other business torts that have allegedly injured a forum resident does not necessarily establish that the defendant possesses the constitutionally required minimum contacts."); Patriot Sys., Inc. v. C-Cubed Corp., 21 F. Supp. 2d 1318, 1321 (D. Utah 1998) (holding that allegation of copyright infringement and trade secret misappropriation against out-of-state defendant, when the events related to the defendant occurred outside the state, is not enough to confer personal jurisdiction); Envirotech Pumpsystems, Inc. v. Sterling Fluid Systems (Schweiz) AG, 2000 WL 35459756, Case No. 2:99-CV-814-DK (D. Utah 2000) (allegation of patent infringement is not sufficient to confer specific jurisdiction when defendant has not purposefully directed any activities related to the allegations of patent infringement at Utah). The entity eClaimVision did not even exist until after the vast majority of the alleged acts occurred. While, according to the complaint, eClaimVision competes against QSG using infringing software, such competition is not specifically directed at Utah.

Given such attenuated connections between eClaimVision and Utah, the court finds that it would offend due process to exercise personal jurisdiction over eClaimVision in this case. Accordingly, the motion to dismiss for lack of personal jurisdiction is GRANTED. The 12(b)(6) motion to dismiss for failure to state a claim upon which relief may be granted is DENIED AS MOOT.

3.   **Dismissal of First and Second Counterclaims**

QSG filed a Motion to Dismiss Dana Schlittler's and eClaimVision, LLC's Counterclaims for Declaratory Judgment. (ECF No. 29.) In the opposition memorandum, both Defendants state that, "in the event that this Court finds that it lacks personal jurisdiction over eClaimVision . . . and the declaratory judgment counterclaims become identical in scope to

QSG's claims of copyright infringement and trade secret misappropriation, Mr. Schlittler and eClaimVision do not oppose dismissal of the counterclaims." (Mem. Opp'n (ECF No. 40) at 5.) Because the court does not have personal jurisdiction over eClaimVision, and based on Mr. Schlittler's non-opposition to dismissal in light of such a ruling, the First Counterclaim (Declaratory Judgment of Non-Infringement of Copyright) and the Second Counterclaim (Declaratory Judgment Specifying No Violation of the Utah Uniform Trade Secrets Act) are hereby DISMISSED.

## ORDER

For the foregoing reasons, eClaimVision, LLC's Motion to Dismiss for Lack of Personal Jurisdiction and Failure to State a Claim (ECF No. 27) is GRANTED.  QSG's Motion to Dismiss Dana Schlittler's and eClaimVision, LLC's Counterclaims for Declaratory Judgment (ECF No. 29) is GRANTED.

SO ORDERED this 26th day of April, 2012.

BY THE COURT:

*Tena Campbell*

TENA CAMPBELL
U.S. District Court Judge